Judge OrvsLEr
delivered the opinion of tile court.
This suit was brought in the court below by the present plaintiffs, as assignees of Thomas W. Letcher, to recover the amount of a note given to him by the defendant.
The note bears,date the 10th of November, 1814, was payable four months after date, and purports to have been assigned to the plaintiffs the 18th df February, 1815.
The defendant appeared and pleaded in bar of the ac - *248 tiorij that on the 13th of February, 1815, anti before the note was assigned to the plaintiffs, a certain Benjamin II a r-din, of Nelson county ⅞ sued out, iivsaid county, an attachment against Letcher, the assignor, for $525, and caused the defendant tobe summoned on the said 13th of February, as a garnishee, on account of his owing said Letcher the debt mentioned in the note upon which this suit is founded,' and that the sheriff, to whom the attachment was directed, haring made return to March court of the Nelson circuit, the defendant appeared, and upon oath, stated the amount owing upon the note, and Hardin having exhibited his demand, a jury was empanneíled; and verdict and judgment obtained in favor of Hardin against said Letcher, and the defendant, as garnishee, for $234 20, besides cost; and that an execution having issued thereon, the defendant has paid the full amount thereof; which judgment the'defendant avers remains in full force and unreversed; and as to the balance due upon the note, alledges he lias paid the same to the plaintiffs, and concludes his plea with a verification.
To this plea the plaintiffs replied, that Thomas W. Letcher, the defendant in the attachment, did not, at the time of suing it out by Hardin, nor had he last before that time resided in Nelson county, but that on the 13th of February, 1815, and for a long time, to wit, for the space of two years before, be resided, and had his known and permanent residence in the county of Washington, and in this state, and of which the said Hardin and Roberts, at the date of the attachment, had notice; and the plaintiffs moreover alledged, that the defendant, Roberts, had not paid the balance of the debt in the note mentioned, &c. and also concluded with a verification.
To this replication, the defendant rejoined, by alledging he had paid the balance of the debt, ashy him in bis plea stated, and tendered an issue to the country.
The plaintiffs then tiled a demurrer to,, the rejoindef, which being joined by the plaintiffs, the court rendered judgment against them in bar of their action.
In deciding upon the plaintiff’s demurrer.to the defendant’s rejoinder, as the rejoinder contains no denial of the aH legation made in the replication of the defendant, of Letch-er not residing, or last having resided in the county of Nelson, it is proper we should enquire into the materiality of that'charge; for if to make the judgment upon the’at- *249 iachraent'a bar to the plaintiffs’ action, it was necessary the attachment should have issued from the county where Letcher resided, it follows that as no such residence is al-ledged in the pleadings, judgment ought' to have been entered in favor of the plaintiffs upon the demurrer.
An attachment must is-bounty where ⅛debtorre-sides, or last Iessl^|rt! anoti,erc<>unty, the pro-ceedmg is
If issueil from smother county n nei-⅛ absconding <1- btor or his ^ garnishee.'
That an attachment cannot issue from any other county than-that in which the defendant does, or last did inhabit, was decided by this court in the case of Lanier and Grant, Hardin’s Rep. 95; and if so, although the attachment against Letcher appears to have issued before the plaintiffs obtained from him the assignment, yet as by the replication Letcher is alledged not then to reside, or last before, to have resided; in the county of Nelson, they must have become le<ra!!v entitled to the demand upon Roberts. Ror, as m consequence oí issuing trom an improper county, the attachment was irregular and void, it is impossible that by the service upon the garnishee, Letcher can have been precluded from either recovering from Roberts the demand, or transferring it to any other person.
If then the plaintiffs, through the assignment, became entitled to the demand on Roberts, it follows, upon general principles, that they ought not, by reason of the judgment against Roberts, rendered in a proceeding to which they were no party, be precluded from asserting their demand.
But, as under the law of assignments, Roberts might avail himself of any payment made to Letcher before notice of the assignment, and as the law regulating attachments authorises a judgment to be taken against the debtor of an absconding defendant, it would seem to follow, that, in those cases where the judgment would conclude the absconding defendant, it ought also, if obtained before notice of the assignment, to be binding upon the assignees.
As, therefore, the plaintiffs obtained the assignment after the attachment had issued against Letcher, and as they have not alledged that Roberts knew of the assignment before the judgment was rendered against him, the judgment, although obtained without their privity, if it would bar the action of Letcher, so likewise it should be considered as presenting a bar to the action of the plaintiffs.
To bar the action of Letcher, we are, however, of opinion the judgment should appear to have been entered upon an attachment emanating from the county where he was, or last before the date of the attachment, did inhabit.
Thos the judgment on the attachment be be-fóte the assignment of the garnishee's note, yet is he answerable to the assignee.
Bibb for plaintiffs, B. Hardin and Wickliffe for defendant m error.
For, although the judgment, if obtained upon a regular attachment, might bar any future action against the gar* nishee, yet as, according, to the act, judgments may be obtained without process having been served upon the absconding debtor, it is unreasonable to suppose the Legislature intended, by the passage of the act, to conclude the absent defendant by a judgment obtained upon an attachment not allowed by the act. -
That the absent defendant should not be concluded by a judgment unless obtained upon an attachment issuing from the proper county, does not only, as we suppose, comport with the most obvious import of the act, but moreover better accords with the doctrine of the law in relation to the proceedings in foreign attachments.
For although by the custom of London, a judgment obtained on a foreign attachment may be pleaded in bar to an action brought against the garnishee, it is said to be essential that the person so pleading the judgment, should shew the custom to have been strictly pursued. 1 Comyn’s Digest, title Attachment, letter a. And to such a plea the plaintiff is moreover permitted to reply, that the cause of action arose out of the jurisdiction of the court by whom the judgment may have been rendered. 5 Comyn’s Digest, 598.
These authoritle&not only shew the strictness necessary to be observed in pleading the judgment in an attachment, but they tend satisfactorily to shew, that the act upon which the attachment against Letcher issued, should not be so construed as to conclude the absent defendant by a judgment rendered against his debtor upon an attachment emanating from an incompetent authority.
The judgment of the court below must, therefore, be reversed, the cause remanded, and such further proceedings had as may be consistent with this opinion.